UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LUÍS M. MARTÍNEZ, | } |
| Plaintiff, | } |
| | } |
| | } |
| v. | } |
| | } Case No.: 2:14-cv-02318-MHH |
| | } |
| CHRISTOPHER LINDEN ESPEY, | } |
| et al., | } |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Luís Martínez is a citizen of El Salvador residing in Alabama under temporary protected status.  On May 10, 2014, Mr. Martínez went to Courtyard Oyster Bar's restaurant to play pool.  Defendant Christopher Espey, a former marine, also happened to be at the restaurant.  Mr. Martínez alleges that while he was playing pool, Mr. Espey threatened him, commented on his race, and struck him in the face with a pool stick, rendering him unconscious.

Mr. Martínez filed suit in this Court, asserting a state law assault and battery claim against Mr. Espey and various state and federal claims against Courtyard. This case is before the Court on Courtyard's motion to dismiss.  (Doc. 16).  For the

1

reasons discussed below, the Court grants in part and denies in part Courtyard's motion to dismiss.

I.   STANDARD OF REVIEW

Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Pursuant to Rule 8(a)(2), a complaint must contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Generally, to survive a [Rule 12(b)(6)] motion to dismiss and meet the requirement of Fed. R. Civ. P. 8(a)(2), a complaint need not contain 'detailed factual allegations,' but rather 'only enough facts to state a claim to relief that is plausible on its face.'" *Maledy v. City of Enterprise*, 2012 WL 1028176, at *1 (M.D. Ala. Mar. 26, 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In deciding a Rule 12(b)(6) motion to dismiss, a court must view the allegations in a complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). A court must accept well-pled facts as true. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

II.   FACTUAL AND PROCEDURAL HISTORY

On May 10, 2014, Mr. Martínez went to Courtyard to play pool. (Doc. 14, ¶¶ 11, 13). When Mr. Martínez entered Courtyard, he paid a fee at the door. (Doc. 14, ¶ 17). While Mr. Martínez played pool, another patron, Mr. Espey, made a negative remark about Mr. Martínez's race. (Doc. 14, ¶ 13). Next, Mr. Espey signaled with his hands that he would cut Mr. Martínez's throat. (Doc. 14, ¶ 13). When Mr. Martínez started to leave the bar, Mr. Espey struck him in the face with a pool stick. (Doc. 14, ¶ 13). Mr. Martínez fell to the ground unconscious. (Doc. 14, ¶ 14).[1] The police later arrested Mr. Espey as a result of his assault on Mr. Martínez. (Doc. 14, ¶ 12).

An off-duty police officer working at Courtyard as a security officer witnessed the altercation between Mr. Martínez and Mr. Espey. (Doc. 14, ¶ 17). This officer saw the encounter between Mr. Martínez and Mr. Espey escalate, but the officer did not intervene. (Doc. 14, ¶¶ 17, 18). Mr. Martínez alleges that on other occasions, the security officer intervened in similar confrontations between white males. (Doc. 14, ¶ 19).

Seeking a remedy for the injuries that he allegedly sustained because of his encounter with Mr. Espey, Mr. Martínez filed this lawsuit. Mr. Martínez asserts a state law claim against Mr. Espey for assault and battery. (Doc. 14, p. 7). Mr.

---

[1] Because Mr. Martínez was unconscious, he does not know how many times Mr. Espey struck him with the pool stick. (Doc. 14, ¶ 14). Based on his injuries, Mr. Martínez believes that Mr. Espey struck him multiple times. (Doc. 14, ¶ 14).

Martínez also asserts claims against Courtyard under the following theories: (1) assault and battery; (2) equal protection under the Fourteenth Amendment to the U.S. Constitution; (3) equal protection under the Alabama Constitution; (4) selective enforcement under the Fourteenth Amendment to the U.S. Constitution; (5) failure to obtain liability insurance for a security officer pursuant to Alabama Code § 6-5-338(c); (6) negligent/reckless training and supervision; and (7) breach of contract and/or breach of warranty. (Doc. 14, pp. 8-14).[2] Courtyard filed a motion to dismiss, to which Courtyard attached several documents. (*See* Doc. 16-1). In opposition to the motion, Mr. Martínez asked the Court to convert Courtyard's motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). (Doc. 17, p. 6). Mr. Martínez's response included an affidavit concerning discovery that he argues he needs to address Courtyard's arguments. (Doc. 17, p. 7). Courtyard filed a motion to strike the affidavit concerning discovery. (Doc. 18). On this record, the Court considers Courtyard's motion to strike and motion to dismiss.

## III. ANALYSIS

### A. Courtyard's Motion to Strike

Courtyard's motion to strike Mr. Martínez's request for discovery is moot because the Court has not considered the attachments to Courtyard's motion to

---

[2] Document 14 is Mr. Martínez's first amended complaint.

dismiss that gave rise to Mr. Martínez's request for discovery. (Doc. 16-1; Doc. 17, pp. 6-7).

"A judge need not convert a motion to dismiss into a motion for summary judgment" pursuant to Rule 12(d) if the judge "does not consider matters outside the pleadings." *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010) (internal quotations omitted). "According to case law, not considering such matters is the functional equivalent of excluding them—there is no more formal step required." *Id.* Because the Court has not considered the exhibits attached to Courtyard's motion to dismiss, the Court does not have to reach Mr. Martínez's request for discovery or Courtyard's motion to strike Mr. Martínez's request.

**B.     Mr. Martínez's Respondeat Superior Claims**

Mr. Martínez brings his assault and battery, equal protection, and selective enforcement claims against Courtyard under the theory of respondeat superior. Mr. Martínez contends that Courtyard is vicariously liable for its security officer's failure to intervene and stop Mr. Espey from striking Mr. Martínez. (Doc. 14, ¶¶ 27, 34, 37, 40). "For [Courtyard] to be liable under the doctrine of respondeat superior, [the officer] would have to be acting in the line and scope of his employment with [Courtyard] when the events complained of occurred." *Whitely v. Food Giant, Inc.*, 721 So. 2d 207, 209 (Ala. Civ. App. 1998) (citing *Hudson v. Muller*, 653 So. 2d 942 (Ala. 1995)). "The Alabama Supreme Court has held that

when an off-duty police officer witnesses an offense for which the perpetrator is arrested, the officer's status changes, and he is then acting in his capacity as a police officer and not his capacity as a security guard." *Whitely*, 721 So. 2d at 209 (citing *Dinmark v. Farrier*, 510 So. 2d 819 (Ala. 1987) and *Perry v. Greyhound Bus Lines*, 491 So. 2d 926 (Ala. 1986)); *see also Dinmark*, 510 So. 2d at 821 (noting that the status of an off-duty police officer working as a security guard changes to that of an on-duty police officer when the officer witnesses criminal acts committed in his presence).

 Mr. Martínez alleges that the security officer witnessed Mr. Espey utter ethnic slurs, make threatening gestures, and strike Mr. Martínez in the face with a pool stick. (Doc. 14, ¶¶ 18, 19). Mr. Espey was arrested as a result of this altercation. (Doc. 14, ¶¶ 12, 15). When the officer witnessed the ethnic slurs and threatening gestures, his status changed from security guard to police officer. *See Whitley*, 721 So. 2d at 209 (holding that grocery store was not liable under respondeat superior for actions of off-duty police officer because at the moment the officer witnessed a man approaching a woman while making a fist, the officer's status changed to that of a police officer). Therefore, Courtyard is not vicariously liable for the officer's failure to intervene in the altercation. The Court dismisses with prejudice Mr. Martínez's claims under respondeat superior for assault and battery, equal protection, and selective enforcement.

Mr. Martínez's complaint also states that Courtyard is "vicariously responsible for the wrongful acts and omissions of defendant Espey." (Doc. 14, ¶ 2). "In vicarious liability analysis, there are three types of relationships: master/servant; principal/agent; and independent contractor." *S. Trust Bank v. Jones, Morrison, Womack & Dearing, P.C.*, 939 So. 2d 885, 903 (Ala. Civ. App. 2005) (citing *Restatement (Second) of Agency* § 2 (1958)). Mr. Martínez has not alleged a relationship between Mr. Espey and Courtyard that would give rise to vicarious liability. Moreover, under Alabama law, a master or principal typically is not subject to vicarious liability for the criminal acts of an alleged servant or agent. *See E. Ala. Behavioral Med., P.C. v. Chancey*, 883 So. 2d 162, 168 (Ala. 2003). Therefore, the Court dismisses with prejudice Mr. Martínez's assault and battery claim against Courtyard.

### C.  Failure to Obtain Liability Insurance

In Count V of the complaint, Mr. Martínez asserts that Courtyard failed to obtain liability insurance for its off-duty police officer. (Doc. 14, pp. 12-13). Under Alabama law, private employers who hire off-duty police officers as security guards must obtain liability insurance. Ala. Code § 6-5-338(c). The Alabama Code states:

> Every private, non-governmental person or entity who employs a peace officer during that officer's "off-duty" hours to perform any type of security work or to work while in the uniform of a peace officer shall have in force at least $100,000 of liability insurance,

7

      which insurance must indemnify for acts the "off-duty" peace officer takes within the line and scope of the private employment. The failure to have in force the insurance herein required shall make every individual employer, every general partner of a partnership employer, every member of an unincorporated association employer, and every officer of a corporate employer individually liable for all acts taken by an "off-duty" peace officer within the line and scope of the private employment.

Ala. Code § 6-5-338(c). Private employers who fail to obtain the necessary insurance are individually liable for the officer's acts that are "within the line and scope of the private employment." *Id.*

      As explained above, when an off-duty police officer witnesses an offense for which the perpetrator is arrested, the officer's status changes from security guard to police officer. *See Whitely*, 721 So. 2d at 209. "In other words, once [the officer] witnessed a crime, he would be outside the 'line and scope' of his employment" with Courtyard and thus outside the scope of § 6-5-338(c) so that Courtyard would not be liable for the officer's acts. *Media General Operations, Inc. v. Stovall*, 2007 WL 3379753, at *7 (M.D. Ala. 2007). Mr. Martínez alleges that the off-duty police officer witnessed the altercation that led to Mr. Espey's arrest. (Doc. 14, ¶ 18). Because the off-duty officer's status changed when he witnessed the altercation between Mr. Martínez and Mr. Espey, § 6-5-338 does not apply in this case. The Court dismisses with prejudice Mr. Martínez's claim for failure to obtain liability insurance to the extent that it relates to the officer's failure to intervene.

### D.  Negligent/Reckless Training and Supervision

In Count VI of the complaint, Mr. Martínez alleges that Courtyard was negligent or reckless in training and supervising the off-duty police officer. (Doc. 14, p. 13). Under Alabama law, "[i]n the master and servant relationship, the master is held responsible for his servant's incompetency when notice or knowledge, either actual or presumed, of such unfitness has been brought to him." *Lane v. Central Bank of Ala., N.A.*, 425 So. 2d 1098, 1100 (Ala. 1983) (citing *Thompson v. Havard*, 235 So. 2d 853, 858 (1970)). Mr. Martínez contends that Courtyard employed the off-duty police officer as a security guard. (Doc. 14, ¶ 5, 34). Plaintiff also alleges that Courtyard "failed to furnish sufficient guidelines." (Doc. 14, ¶ 44). Although these factual allegations are sparse, they are sufficient to give Courtyard fair notice of the grounds for Mr. Martínez's negligence/wantonness claim. Therefore, the Court denies Courtyard's motion to dismiss Mr. Martínez's negligent/reckless training and supervision claim.

### E.  Breach of Contract and/or Warranty

Mr. Martínez's final count alleges that "[t]here exists an implied contract between Defendant Oyster Bar and Plaintiff for the protection of a paying patron invitee in the establishment." (Doc. 14, p. 14). In Alabama, "a duty may be imposed on a store owner to take reasonable precautions to protect invitees from criminal attack in the exceptional case where the store owner possessed actual or

constructive knowledge that criminal activity which could endanger an invitee was a probability." *Broadus v. Chevron USA, Inc.*, 677 So. 2d 199, 203 (Ala. 1996) (citing *Ortell v. Spencer Companies*, 477 So. 2d 299 (Ala. 1985)). The Court will construe Mr. Martínez's "breach of contract" claim as a premises liability claim.[3]

Mr. Martínez alleges that he was an invitee at Courtyard and that Mr. Espey criminally attacked him. (Doc. 14, ¶¶ 12, 47). Mr. Martínez also alleges that the altercation between himself and Mr. Espey was "foreseeable." (Doc. 14, ¶ 2). Again, although Mr. Martínez's allegations are sparse, they are sufficient to put Courtyard on notice of the nature of Mr. Martínez's premises liability claim. The Court therefore denies Courtyard's motion to dismiss this claim.

## IV. CONCLUSION

For the reasons explained above, the Court **GRANTS** Courtyard's motion to dismiss in part. The Court **DISMISSES WITH PREJUDICE** Mr. Martínez's claims against Courtyard for assault and battery, equal protection, selective enforcement, and failure to obtain liability insurance (Counts I, II, III, IV, and V). Mr. Martínez's claims against Courtyard for negligent/reckless training and

---

[3] When a complaint satisfies Rule 8's notice and plausibility requirements, "the form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim." *Keene v. Prine*, 477 Fed. Appx. 575, 583 (11th Cir. 2012) (finding that plaintiff stated a claim because her complaint, though "not a model of clarity," should have put the defendant on notice of the claim leveled against it).

supervision (Count VI) and premises liability (Count VII) will go forward.[4]

Courtyard's motion to strike is **MOOT**.  (Doc. 18).

The Court directs the Clerk to please **TERM** Docs. 16 and 18.

**DONE** and **ORDERED** this February 24, 2016.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[4] Because the Court is dismissing Mr. Martínez's federal claims, leaving only Mr. Martínez's state negligent/reckless training and supervision and premises liability claims against Courtyard, the Court must assess whether it is left with an independent basis for subject matter jurisdiction. *See RES-GA Cobblestone, LLC v. Blake Const. & Dev., LLC*, 718 F.3d 1308, 1313 (11th Cir. 2013) ("Federal courts operate under a continuing obligation to inquire into the existence of subject matter jurisdiction whenever it may be lacking." (citing *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1468 (11th Cir. 1997)).  The Court finds that under 28 U.S.C. § 1332, it has a basis for invoking federal subject matter jurisdiction over Mr. Martínez's two remaining claims. Federal diversity jurisdiction requires diversity of citizenship and an amount in controversy that exceeds $75,000.  28 U.S.C. § 1332.  As to diversity of citizenship, Mr. Martínez is a citizen of a foreign country and is diverse from both defendants, who are citizens of Alabama.  As to the amount in controversy, Mr. Martínez plausibly alleges that his cause of action meets the jurisdictional amount in controversy requirement.  In his amended complaint, Mr. Martínez seeks both compensatory and punitive damages for each of his claims. (Doc. 14).  Under Alabama law, Mr. Martínez potentially may recover punitive damages under his wantonness theory. *See Galaxy Cable, Inc. v. Davis*, 58 So. 3d 93, 100 (Ala. 2010) (citing Ala. Code § 6-11-20). Therefore, Mr. Martínez potentially may recover a judgment in excess of $75,000, given both the nature of Mr. Martínez's alleged injuries and his punitive damages claims. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) ("Generally, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'"); *see also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (a federal district court may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent" that the court has subject matter jurisdiction over a cause of action); *id.* at 1162 ("Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount. . . . Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.'").